UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC M. WILLIAMS,

       Plaintiff,                    CIVIL ACTION NO. 10-12752

      v.                               DISTRICT JUDGE ARTHUR J. TARNOW

PLEDGED PROPERTY II, LLC,      MAGISTRATE JUDGE VIRGINIA MORGAN
and LITTON LOAN SERVICING, LLP,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO
DENY DEFENDANT'S MOTION TO DISMISS (D/E #17)**

**I. Introduction**

This is an action to quiet title alleging, among other things, unjust enrichment and fraud with respect to property located in Wayne County, Michigan. The matter comes before the court on defendant Litton's "Motion to Dismiss Plaintiff's Action With Prejudice Pursuant to FRCP (41)(2)(B) [sic] and FRCP 37 [sic] Based Upon Plaintiff's Failure to Follow Scheduling Order, Failure to Respond to Motion to Compel Responses to Discovery Requests And Otherwise Prosecute The Case" (D/E #17). Plaintiff filed a response in opposition to defendant's motion (D/E #29) and Litton filed a reply to that response (D/E #31).[1] For the reasons discussed below, this court recommends that plaintiff's motion be **DENIED WITHOUT PREJUDICE** and that plaintiff be put on notice that any further failures to cooperate in discovery or comply with court orders could result in dismissal of this action.

---

[1] Defendants also have pending motions to dismiss and for summary judgment on the merits (D/E #22, #23). Those motions have not been referred to this court.

**II. Background**

Plaintiff originally filed this action, through counsel, in state court. In that verified complaint for quiet title, injunction and other relief, plaintiff identifies himself as the owner of property in Wayne County, Michigan. Plaintiff also states that defendant Litton Loan Servicing, LLP ("Litton") had a mortgage secured by the real property and that defendant Pledged Property II, LLC ("Pledged Property") allegedly purchased the property following a Sheriff's Sale and is now trying to evict plaintiff. According to plaintiff, the Sheriff's Sale occurred after defendants repeatedly assured plaintiff that he could modify his loan and that the sale would be rescheduled. Plaintiff claims that defendants deliberately misled plaintiff in an attempt to preclude him from keeping possession of his home. The specific counts of the complaint are: (I) Quiet Title; (II) Unjust Enrichment; (III) Breach of Implied Agreement/Specific Performance; (IV) Innocent/Negligent Misrepresentation; (V) Fraud, Based Upon Silent Fraud and Bad Faith Promises; (VI) Constructive Trust; and (VII) Breach of M.C.L. § 3205(c). (Complaint; attached as part of Exhibit 1 to the Notice of Removal, D/E #1)

On July 17, 2010, defendants removed this action to federal court on the basis of diversity of citizenship and pursuant to 28 U.S.C. § 1332 (D/E #1).

On November 3, 2010, defendant Litton filed the pending motion to dismiss plaintiff's action with prejudice (D/E #17). In that motion, defendant argues that plaintiff's claims should be dismissed as a sanction for plaintiff's failure to follow the scheduling order, respond to defendant's motion to compel, or otherwise prosecute this case. The motion was referred to this court (D/E #21) and plaintiff was ordered to provide a response by January 14, 2011 (D/E #25). On January 14, 2011, plaintiff filed his response, arguing that the gravamen of the request to

dismiss has been satisfied as defendant's motion to compel was resolved and plaintiff has filed a motion to amend the complaint and extend discovery (D/E #29). On January 19, 2011, defendant Litton filed a reply brief, in which it argued that plaintiff's request to discovery is improper given plaintiff's complete failure to participate in prior discovery.

**III. Discussion**

As discussed above, defendant Litton's seeks dismissal pursuant to Fed. R. Civ. P. 37 and 42. A federal court has the authority to dismiss a lawsuit pursuant to those rules or its own inherent powers if the plaintiff fails to comply with the rules or the court's orders governing discovery. First Bank of Marietta v. Hartford Underwriters Ins. Co., 307 F.3d 501, 512 (6th Cir. 2002) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). "[T]he factors considered when reviewing a dismissal under Rule 41(b), Rule 37(b), or a court's inherent power are largely the same." Coleman v. Am. Red Cross, 23 F.3d 1091, 1094 n. 1 (6th Cir. 1994). Although "none of the factors is outcome dispositive, a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 737 (6th Cir.2008) (internal quotation omitted). Factors to consider include:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999). Moreover, those factors have been applied "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal." Harmon v. CSX Transp., Inc., 110 F.3d 364, 367 (6th Cir. 1997).

In this case, it does appear that plaintiff failed to cooperate fully in these proceedings due to willfulness, bad faith, or fault. For example, plaintiff concedes that he never filed a witness list as required by the scheduling order. Similarly, while ultimately resolved, plaintiff delayed in responding to discovery requests and defendant's motion to compel. Likewise, while plaintiff states that he is available for a deposition, he never notified defendant that a previous date was unworkable. That failure to depose plaintiff, in addition to plaintiff's failure to file a witness list, has likely prejudiced defendant to some extent as the discovery period has closed and the dispositive motion deadline has passed. Defendant Litton was, however, able to file a motion to dismiss and for summary judgment. Moreover, plaintiff has not been warned that failure to cooperate could lead to dismissal and less drastic sanctions have not been imposed or considered.

In light of the above factors, this court recommends that defendant Litton's motion to dismiss as a sanction be denied. The Sixth Circuit has a longstanding policy that favors disposition of cases on their merits, see, *e.g.*, Little v. Yeutter, 984 F.2d 160, 162 (6th Cir. 1993), and this case should be decided on the merits. Plaintiff has failed to fully comply with the scheduling order and he delayed in conducting discovery, but it is not clear to what extent defendant Litton has been prejudiced. Moreover, with respect to the last two factors, plaintiff was not warned that failure to cooperate could lead to dismissal and less drastic sanctions have not been imposed or considered. Accordingly, this court recommends that defendant Litton's motion be denied. Additionally, this court recommends that plaintiff should also be put on notice that any further failures to cooperate in discovery or comply with court orders could result in dismissal of this action.

**IV. Conclusion**

For the reasons discussed above, the court recommends that both defendant Litton's motion to dismiss (D/E #17) be **DENIED WITHOUT PREJUDICE** and that plaintiff be put on notice that any further failures to cooperate in discovery or comply with court orders could result in dismissal of this action.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: February 17, 2011

## **PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on February 17, 2011.

                                                s/Jane Johnson
                                                Case Manager to
                                                Magistrate Judge Virginia M. Morgan