**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CEDRIC WILLIAMS,

    Plaintiff,

v.                                                                                           Case No. 10-12752

PLEDGED PROPERTY II, LLC                              SENIOR UNITED STATES DISTRICT JUDGE
AND LITTON LOAN SERVICING, LP,              ARTHUR J. TARNOW

    Defendants.
_____/

**ORDER DENYING DEFENDANT'S OBJECTION TO ORDER GRANTING PLAINTIFF'S MOTION FOR REHEARING AND RECONSIDERATION [38]**

Before the Court is Defendant Litton Loan Servicing's Objection to the Court's Order Granting Plaintiff's Motion for Rehearing and Reconsideration [38], filed on June 27, 2011. Defendant Pledged Property filed a "Concurrence with/to Litton's Objection" [39] on June 28, 2011. Defendant objects to this Court's order of June 09, 2011 [37] granting Plaintiff's Motion for Rehearing and Reconsideration [36].

Defendant's "Objection" is, in essence, a request that the Court reconsider its order granting Plaintiff's Motion for Rehearing and Reconsideration. Therefore, the Court will construe Defendants' objection as a motion for reconsideration.

Local Rule 7.1(h)(3) provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003) (A motion for reconsideration is granted only "if the movant demonstrates that the district court and the parties

have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case.")  "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest or plain."  *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (internal citations omitted).  Further, "[t]he decision whether to grant reconsideration lies largely within the discretion of the court."  *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

Defendant argues that this Court should reconsider its order primarily because Plaintiff has failed to comply with Local Rule 7, which governs motion practice filing deadlines.  The Court considered these issues in its order, and Defendant does not provide any new information concerning Plaintiff's compliance with Local Rule 7.[1]

The Sixth Circuit has a longstanding policy that favors disposition of cases on their merits.  *See, e.g., Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).  This Court may also, in its discretion, extend filing deadlines.  *See Stahl v. United States*, 1992 WL 345088 at *5 (E.D. Mich. 1992); *Hess Corp. v. Precision Powder Coating, Inc.*, 2009 WL 2430888 (N.D. Ohio 2009).  In addition, Local Rule 11.1 and Fed. R. Civ. P. 11 allow this Court considerable discretion in determining what sanctions are appropriate for failure to follow the local rules.  Thus, this Court has discretion in determining what sanctions are appropriate for Plaintiff's failure to respond to Defendant's motions in a timely manner.

---

[1] In its Order Granting Plaintiff's Motion for Rehearing and Reconsideration, the Court stated that Plaintiff had a pending Motion to Amend before the Court when the case was dismissed.  Defendant correctly notes that said Motion to Amend had already been denied when the case was dismissed.  However, this error by the Court was not a "palpable defect" as the lack of a pending motion would not have altered the disposition of Plaintiff's Motion for Rehearing and Reconsideration; the strong policy of the Sixth Circuit encouraging a resolution of cases on the merits would have still required the Court to grant Plaintiff's motion.

In addition, a district court has "considerable discretion whether to reopen a case under Fed. R. Civ. P. 59(e)." *McClendon v. B&H Freight Servs., Inc.*, 910 F. Supp. 364, 365 (E.D. Tenn. 1995) (citing *Columbia Gas Transmission Corp. v. Limited Corp.*, 951 F.2d 110, 112 (6th Cir. 1991)).  A court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).  Given this circuit's policy of deciding cases on the merits, the need to give plaintiff his day in court, and a lack of any prejudice alleged or indicated by Defendant as a result of this Court's previous order, the Court will not grant reconsideration of said order.

Accordingly, Defendant's Objection to the Court's Order Granting Plaintiff's Motion for Rehearing and Reconsideration [38] is **DENIED.**

**SO ORDERED.**

s/Arthur J. Tarnow  
Arthur J. Tarnow  
Senior United States District Judge

Dated: October 3, 2011

___

### CERTIFICATE OF SERVICE

I hereby certify on October 3, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 3, 2011: **None.**

s/Michael E. Lang  
Deputy Clerk to  
District Judge Arthur J. Tarnow  
(313) 234-5182

3