UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC M. WILLIAMS,

    Plaintiff,

v.

PLEDGED PROPERTY II, LLC, AND LITTON
LOAN SERVICING LP

    Defendants.
_____/

Case No.  10-12752

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE MARK A. RANDON

## **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [45]**

Now before the Court is Plaintiff's Motion for Reconsideration of this Court's Order [43] granting in part and denying in part Defendants' Motions to Dismiss and for Summary Judgment [22] and [23].

Local Rule 7.1(h)(3) provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003) (A motion for reconsideration is granted only "if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case").  "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (internal citations omitted).  "The decision whether to grant reconsideration lies largely within the discretion of the court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

Plaintiff's motion consists of an argument that the Court did not have the opportunity to consider the "unique equities" in this case. Plaintiff argues that Defendants' decision to refrain from settlement due to a favorable decision by the Michigan Supreme Court in *Residential Funding Co., LLC v. Saurman*, 490 Mich. 909 (2011) requires the Court to hold an evidentiary hearing or settlement conference. The Court rejected this argument when Plaintiff raised and argued this issue at a hearing held on November 21, 2011.

Thus, Plaintiff has not demonstrated any palpable defect in this Court's order.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration [45] is **DENIED**.

**SO ORDERED**.

Dated: December 8, 2011

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

___

**CERTIFICATE OF SERVICE**

I hereby certify on December 8, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 8, 2011: **None.**

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182